Tucker, P.
There is no error in these proceedings 0f which the defendant Platt can avail himself. Having submitted to a decree against him as an absent defendant, the statute leaves him but one remedy. That remedy is the right to appear and file his answer, and proceed to have the cause reheard, and the decree rescinded, if, after hearing, it shall prove to be erroneous. The appellant, then, having instituted his proceeding according to the statute for rescinding the original decree, cannot, at the same time, arraign it by proceeding by appeal in this court. The correctness of the original decree is thus out of the case', and the only question which the appellant can raise is whether, before the cause is prepared for a rehearing, the absent defendant has a right to demand that the decree already made should be set aside. I think not. Upon his petition to rehear the cause, he may, on giving security for costs only, file his answer, to which the plaintiff may reply; and issue may be joined, witnesses examined, and other proceedings, decree and execution had, as may be just and right in the cause. To rescind the former decree before the cause is matured for rehearing, would be to adjudge first and hear after-wards. The practice would moreover be most mischievous in many respects. Whether the attached effects, or the effects in the hands of the garnishee, would or would not be discharged, it may not be necessary to decide. But if the decree be set aside upon filing the answer, then it would seem to follow that all the proceedings under it must be set aside also; and thus the sale of the attached effects, the. payment by the garnishee, and the receipt of his demand by the plaintiff, may be vacated at any time within seven years after the decree, although, upon the rehearing, it may turn out that the first decree is unassailable. This would not only be without.the sanction of the statute, but in conflict with the general principle as to bills of *511 review and petitions for rehearing, that such bill or petition does not prevent the execution of a decree, and money decreed must be paid before the bill is filed, though it may afterwards be ordered to be refunded. Mitford’s Plead. 79. SO. Hinde 58. 59. In this regard, there is no difference between reviewing and rehearing, though in both a discretion may be exercised in suspending such parts of a decree as if once performed would place the defendant beyond the relief of the court. Ibid. The court therefore very properly declined, at this stage of the cause, to set aside the first decree; that being to be done after a rehearing only. The appeal is therefore again premature, and the order of the circuit court must accordingly be affirmed.
The other judges concurring, order affirmed.